*In re* OBERLE'S ESTATE.

OBERLE *v.* WILKE.

1. COURTS—PROBATE COURT—CIRCUIT COURT—JURISDICTION ON APPEAL.

   Circuit court *held,* without authority to strike an amended claim from the certified record of a proceeding appealed from the probate court, the circuit court's power, if any, in such case being limited to remand to the probate court for recertification.

2. SAME—DISMISSAL AND NONSUIT.

   Upon appeal to circuit court from probate court, plaintiff could not submit to a nonsuit, with reservation of right to relitigate in the probate court.

3. SAME—REINSTATEMENT OF APPEAL FROM PROBATE COURT.

   Plaintiff *held,* entitled to reinstatement of appeal, where circuit court struck amended claim from certified record of proceedings appealed from probate court, denied plaintiff's leave to amend in circuit court, and dismissed plaintiff's appeal upon his refusal to proceed on original claim.

Appeal from Lapeer; Cramton (Louis C.), J. Submitted October 14, 1936. (Docket No. 96, Calendar No. 38,963.) Decided December 9, 1936.

In the matter of the estate of Joseph Oberle, deceased. Donus Oberle presented his claim in probate court for a share in crops. Elizabeth Wilke and Peter Oberle, heirs, objected thereto. Claim denied. Plaintiff appealed to circuit court. Appeal dismissed. Plaintiff appeals. Reversed and remanded for reinstatement of appeal.

*Herbert W. Smith,* for plaintiff.

*George W. DesJardins* and *John G. Libbers,* for defendants.

WIEST, J. Donus Oberle filed in the probate court a claim against the estate of his deceased father for one-half of crops sold from farm during the seasons 1930, 1931 and 1932, amounting to $1,050. The claim was disallowed and an appeal taken by claimant to the circuit court.

In the record of proceedings, certified by the probate court, there appeared an amended claim of plaintiff for compensation for services in "making" the mentioned crops. In the circuit court the attorney for contestants of plaintiff's claim moved to strike the amended claim from the certified record on the ground that it was not filed in the probate court or submitted at the hearing on plaintiff's claim. The court took evidence on such issues and struck the amended claim from the certified record of the proceedings appealed from. The court was in error. The duly certified record could not be so excised by the circuit court. If the circuit court had any power in the premises it was limited to remand to the probate court for recertification. With the amended claim so stricken plaintiff's attorney moved to amend in the circuit court. This was refused. Under the certified record no amendment in the circuit court was necessary.

Upon such refusal plaintiff asked leave to submit to a "nonsuit," without prejudice to a retrial of his claim in the probate court. Upon appeal from the probate court plaintiff could not submit to a nonsuit, with reservation of right to relitigate in the probate court. Upon denial of leave to amend and the refusal of plaintiff to proceed on his original claim the appeal was dismissed.

This appeal does not bring before us the question of whether the first claim prevents recovery on a *quantum meruit*.

The judgment is reversed and the appeal reinstated, with costs to plaintiff.

North, C. J., and Fead, Butzel, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.